ELBERT SUPERIOR COURT, JULY, 1832.

LEROY UPSHAW *vs.* JAMES OLIVER, *et alii.*

*False Imprisonment.*

ELBERT,
July, 1832.

UPSHAW
*v.*
OLIVER, *et al.*

Judicial officers are not liable to civil suits for their judicial acts.

THE plaintiff proceeded and proved by witnesses the arrest and imprisonment stated in the declaration. It also came out in evidence that the arrest and imprisonment complained of, had been ordered by the five first named defendants sitting as a court of ordinary, and the sixth being the coroner of the county, executed the order upon the plaintiff who was high sheriff of the county. The plaintiff here closed the evidence in support of the action. Defendants' counsel then moved for a nonsuit on three grounds : viz.

1st. That the declaration does not set out the case fully, plainly and substantially. The declaration only states the arrest and imprisonment generally, without disclosing, that the order of arrest and imprisonment was given by defendants in the capacity of a court.

2d. That by the act of 24 Geo. II. *thirty* days' notice must be given before the commencement of any action against justices of the peace, revenue officers, &c.

3d. That no action will lie against judges of a court of record for acts judicially done by them ; and cited many authorities of ancient and modern jurisprudence, and the case of Brass *v.* Crosby, in 3 Wilson, 188. was also relied upon. A case reported in the New York Reports was read, which established the principle that judges of a court of record are not responsible at the suit of individuals for any thing done in their judicial character—that this case had been carried into the court of errors in that State, and that the decision of the Supreme Court was confirmed by a majority of that court.

Plaintiff's counsel contended that the admission of one of the defendants, that he knew the proceedings of the court were illegal, and that he would have stopped them, but that he thought them to be only for fun, which had been proven, ought at the least to sustain the action against him.

*By the Court.* The first ground does not appear to be well founded. The judiciary act of 1799 does not substantially innovate upon the common law in actions of this nature. If the facts of the case as they really happened, amount to a justification of the defendants, they can have the full benefit of them in their defence. The first ground is overruled. The second ground is that by the act of 24 Geo. II. thirty days' notice was necessary previous to the commencement of the action. That statute has, for more than thirty years, been in force in this State. But does it apply to this case ? The statute applies to justices of the peace, and certain revenue

31

officers, who are not judges of a court of record, and who are liable to the suits of individuals. The present defendants, with one exception, are judges of a court of record, and the other defendant executed the order of that court, which is a sufficient justification for him. The statute then does not apply to the present case. The second ground is therefore overruled. If the defendants are not answerable in this action for the act stated in the declaration, it is because those acts were done in their judicial character as a court of record, and this brings the third ground to our consideration.

The current of authorities from the earliest dawn of jurisprudence down to the latest reported cases, not only in the courts of Great Britain, but of the United States, shield judicial officers from civil actions and criminal prosecutions, (except by way of impeachment) for acts done in their judicial character. But it is said that if judicial officers are irresponsible for their acts, the liberty of the citizen is in imminent danger. To this it may be replied, that when judicial officers so far forget themselves as to act corruptly, or oppressively, they are subject to impeachment; and if convicted, may be not only removed from, and incapacitated to hold a judicial office, but may be made responsible to individuals for any acts of oppression by them committed *per colore officii*. The rights and liberties of the citizen are not then so completely under the control of an unjust judge, or oppressive court, as may have been imagined. The conduct of a judge cannot long be corrupt or oppressive, before he will be subjected to impeachment, and, upon conviction, made responsible for his misdeeds. But it is said Megarrity has clearly rendered himself responsible by his admissions. The authorities which have been produced countenance no such distinction. The reason of the exemption of judicial officers from suits at law for their judicial acts, repels the distinction set up against him. The authorities are based upon the broad ground, that judicial officers are not liable to civil suits, for their judicial acts. The court believes that the welfare and peace of the community depend upon a strict adherence to the principle which has been universally established by all civilized nations upon this subject. If Megarrity's conduct has been of a character incompatible with his office—if it has been corrupt, let him be impeached; but while he wears the ermine of justice, let it be respected. The court upon the best consideration it has been able to bestow upon this question, feels itself bound to decide that the action cannot be sustained.

In support of the principle recognized in the foregoing decision, the student is referred to the following cases. Aire *v.* Sedgwick, 2 Roll. Rep. 199. Hammond *v.* Howell, 1 Mod. 184. 2 Mod. 218. 12 Mod. 386. 1 Salk. 396. Staunford's Pleas of the Crown, 173. 2 Black. Repts. 1141. 1

Ld. Raym. 454. Phelps *v.* Sill, 1 Day's Cases in Error, 315. Yates *v.* Lansing, 5 Johns. 282.